UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LINUS EKENE, | Case No. 2:22-cv-01443-JDP (PC) |
| Plaintiff, | ORDER GRANTING PLAINTIFF'S APPLICATION TO PROCEED *IN FORMA PAUPERIS* |
| v. | |
| R. COOK, *et al.*, | ECF No. 2 |
| Defendants. | SCREENING ORDER THAT PLAINTIFF: |
| | (1) FILE AN AMENDED COMPLAINT; OR |
| | (2) STAND BY HIS COMPLAINT SUBJECT TO A RECOMMENDATION THAT IT BE DISMISSED |
| | ECF No. 1 |
| | THIRTY-DAY DEADLINE |

Plaintiff Linus Ekene is a state prisoner proceeding without counsel in this civil rights action brought under 42 U.S.C. § 1983. He alleges that, after he filed other lawsuits and grievances, defendants initiated a campaign of retaliation against him in violation of his First, Eighth, and Fourteenth Amendment rights. ECF No. 1. The allegations are sufficient to state cognizable claims against all defendants under the First and Eighth Amendments, but they do not state a claim under the Fourteenth Amendment. Thus, plaintiff must choose whether to proceed

1

only with his cognizable claims or to delay serving any defendant and file an amended complaint. I will grant his application to proceed *in forma pauperis*. ECF No. 2.

## Screening and Pleading Requirements

A federal court must screen a prisoner's complaint that seeks relief against a governmental entity, officer, or employee. *See* 28 U.S.C. § 1915A(a). The court must identify any cognizable claims and dismiss any portion of the complaint that is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. *See* 28 U.S.C. §§ 1915A(b)(1), (2).

A complaint must contain a short and plain statement that plaintiff is entitled to relief, Fed. R. Civ. P. 8(a)(2), and provide "enough facts to state a claim to relief that is plausible on its face," *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). The plausibility standard does not require detailed allegations, but legal conclusions do not suffice. *See Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). If the allegations "do not permit the court to infer more than the mere possibility of misconduct," the complaint states no claim. *Id.* at 679. The complaint need not identify "a precise legal theory." *Kobold v. Good Samaritan Reg'l Med. Ctr.*, 832 F.3d 1024, 1038 (9th Cir. 2016). Instead, what plaintiff must state is a "claim"—a set of "allegations that give rise to an enforceable right to relief." *Nagrampa v. MailCoups, Inc.*, 469 F.3d 1257, 1264 n.2 (9th Cir. 2006) (en banc) (citations omitted).

The court must construe a pro se litigant's complaint liberally. *See Haines v. Kerner*, 404 U.S. 519, 520 (1972) (per curiam). The court may dismiss a pro se litigant's complaint "if it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Hayes v. Idaho Corr. Ctr.*, 849 F.3d 1204, 1208 (9th Cir. 2017). However, "'a liberal interpretation of a civil rights complaint may not supply essential elements of the claim that were not initially pled.'" *Bruns v. Nat'l Credit Union Admin.*, 122 F.3d 1251, 1257 (9th Cir. 1997) (quoting *Ivey v. Bd. of Regents*, 673 F.2d 266, 268 (9th Cir. 1982)).

## Analysis

Plaintiff alleges that, after he filed "lawsuits and 602's," defendants Cook, Laughlin, and Agredano—correctional officers at Mule Creek State Prison, where plaintiff is incarcerated—

engaged in a campaign of retaliation and harassment against him. ECF No. 1 at 8. For approximately four months, they issued him "meals tainted with pain causing chemicals." *Id.* When he complained, Laughlin told him, "you get what you get," and Cook threatened to "knock [him] out." *Id.* After plaintiff warned defendants that he would file grievances, Cook followed him back to his cell and assaulted him, striking his face with a baton and kicking his legs. *Id.* at 9. On September 8, 2020, defendants Cook and Laughlin told plaintiff, "we are tired of you writing 602's and . . . [we] want[] you to move out of building 5"; Cook added that if plaintiff didn't move, they would plant a weapon in his cell and move him to administrative segregation. *Id.* On the same day, defendants conducted two searches of plaintiff's cell; after the second, defendant Agredano approached plaintiff in the yard and informed him that they had found a weapon in his cell. *Id.* at 10. As Agredano took plaintiff to administrative segregation, he allegedly stated, "we got rid of you; you are not going to be writing 602's in ad-seg against us." *Id.* Agredano also allegedly confiscated plaintiff's prescription eyeglasses and refused to return them for seven months. *Id.* Plaintiff alleges that, because of the weapons possession charge, he was unable to obtain good time credits or to complete "mental health milestones credits." *Id.* at 15. He notes that a district attorney dropped a criminal weapons possession charge after learning that the defendants in this case were under investigation for planting the weapon. *Id.*

Plaintiff claims that all three defendants are liable for (1) retaliation under the First Amendment, *id.* at 4 & 8-11; (2) violations of his Eighth Amendment rights against cruel and unusual punishment, *id.* at 5 & 13-15; and (3) depriving him of due process under the Fourteenth Amendment, *id.* at 6 & 15-17.

Plaintiff's allegations state cognizable First Amendment retaliation claims against all defendants. He alleges that defendants subjected him to violence, transferred him into administrative segregation, and deprived him of necessities—including food and his prescription eyeglasses—because he filed, or threatened to file, lawsuits and grievances against them; such allegations are "the very archetype of a cognizable First Amendment retaliation claim." *Rhodes v. Robinson*, 408 F.3d 559, 568 (9th Cir. 2005) (holding that a prisoner stated a retaliation claim with allegations that officials "(1) arbitrarily confiscated, withheld, and eventually destroyed his

property, threatened to transfer him to another correctional institution, and ultimately assaulted him, (2) because he (3) exercised his First Amendment rights to file prison grievances and otherwise seek access to the legal process").

Plaintiff's allegations also state several potentially cognizable Eighth Amendment claims. First, although somewhat vague, his allegations that all three defendants served him meals tainted with "pain-causing chemicals" for approximately four months are sufficient to survive screening. *See Foster v. Runnels*, 554 F.3d 807, 814 (9th Cir. 2009) (holding that "the sustained deprivation of food can be cruel and unusual punishment when it results in pain without any penological purpose"). Second, his allegation that defendant Cook assaulted him after he complained about receiving tainted food states an Eighth Amendment excessive force claim. *See Hamilton v. Brown*, 630 F.3d 889, 897 (9th Cir. 2011) (explaining that a prisoner "state[s] a claim under the Eighth Amendment" with allegations that "force was applied for the purpose of causing harm, *i.e.*, 'maliciously and sadistically,' rather than for legitimate reasons, such as maintaining order or discipline in the prison") (quoting *Hudson v. McMillian*, 503 U.S. 1, 9 (1992)). Finally, his allegation that defendant Agredano took his prescription eyeglasses for seven months states a potentially cognizable claim of deliberate indifference to serious medical needs. *See Colwell v. Bannister*, 763 F.3d 1060, 1068 (9th Cir. 2014) (holding that a blanket denial of treatment for blindness constitutes deliberate indifference to serious medical needs).[1]

However, as currently pled, plaintiff's allegations are not sufficient to state cognizable Fourteenth Amendment due process claims. The Due Process Clause entitles prisoners to certain procedural protections before being subjected to disciplinary sanctions that are severe enough to "implicate[] a protected liberty interest—that is, . . . [if the sanctions] impose an 'atypical and significant hardship on the inmate in relation to the ordinary incidents of prison life.'" *Brown v. Or. Dep't. of Corr.*, 751 F.3d 983, 987 (9th Cir. 2014) (quoting *Sandin v. Conner*, 515 U.S. 472,

---

[1] Like his allegations regarding tainted food, this allegation is somewhat threadbare. For instance, plaintiff fails to allege the severity of the harm caused by the deprivation of his eyeglasses. I find only that his Eighth Amendment claims are sufficient to require an answer from defendants. Nevertheless, because I am affording plaintiff an opportunity to amend his complaint, I will also advise him that his Eighth Amendment claims would likely be stronger if supported by additional factual allegations.

484 (1995)).[2] Before a prisoner is subject to such an atypical and significant hardship, he is entitled to certain procedural protections, such as notice of disciplinary charges, an opportunity to present a defense, an explanation for the decision, and an impartial hearing officer. *See Wolff v. McDonnell*, 418 U.S. 539, 568 (1974).

Although somewhat threadbare, plaintiff's allegation that defendants forced him to endure segregated confinement without access to his prescription eyeglasses potentially suffices at this stage to plead an atypical and significant hardship. *See Serrano v. Francis*, 345 F.3d 1071, 1079 (9th Cir. 2003) (holding that a disabled prisoner was entitled to due process protections before serving a two-month sentence in a segregated cell without access to his wheelchair).[3] Nevertheless, plaintiff fails to allege a deprivation of constitutionally required procedural protections; indeed his complaint is silent as to whether he received any process, such as a hearing or explanation of the charges against him. "[P]rocedural due process affords protections to *defend against* false accusations[;] it does not grant a broad right to be free from false accusations." *Stevenson v. Holland*, No. 1:16-CV-01831-AWI-SKO, 2017 WL 2958731, at *8 (E.D. Cal. July 11, 2017) (emphasis in original) (citations omitted); *see also Garrot v. Glebe*, 600 F. App'x. 540, 542 (9th Cir. Apr. 22, 2015) (citing, *inter alia*, *Freeman v. Rideout*, 808 F.2d 949, 951-952 (2d Cir. 1986) ("The prison inmate has no constitutionally guaranteed immunity from being falsely or wrongly accused of conduct which may result in the deprivation of a protected liberty interest."). Therefore, plaintiff's allegations do not state a cognizable procedural due

---

[2] A deprivation of property can also implicate the Due Process Clause. However, plaintiff appears to allege that Agredano's decision to confiscate his glasses was "random and unauthorized conduct" for which the prison is not obligated to provide a hearing. *See Hudson v. Palmer*, 468 U.S. 517, 533 (1984) (holding that post-deprivation remedies, including state tort law, satisfy due process when a prisoner is subjected to "random and unauthorized" property deprivations).

[3] Plaintiff is again advised that reaching this conclusion requires construing his allegations generously. "Determining whether a prison hardship is atypical and significant . . . 'requires case by case, fact by fact consideration,'" *Serrano*, 345 F.3d at 1078 (quoting *Keenan v. Hall*, 83 F.3d 1083, 1089 (9th Cir. 1996)). If plaintiff elects to amend his complaint, his allegations would be strengthened by describing, with particularity: (1) the conditions he experienced in segregation, (2) the additional hardship imposed by the confiscation of his eyeglasses, and (3) whether he lost good time credits or only the opportunity to earn additional good time credits.

process claim.[4]

Within thirty days, plaintiff must either advise the court that he wishes to proceed only with his cognizable claims or delay serving any defendant and file and amended complaint. If plaintiff decides to file an amended complaint, the amended complaint will supersede the current complaint. *See Lacey v. Maricopa Cnty.*, 693 F. 3d 896, 907 n.1 (9th Cir. 2012) (en banc). This means that the amended complaint will need to be complete on its face without reference to the prior pleading. *See* E.D. Cal. Local Rule 220. Once an amended complaint is filed, the current complaint no longer serves any function. Therefore, in an amended complaint, as in an original complaint, plaintiff will need to assert each claim and allege each defendant's involvement in sufficient detail. The amended complaint should be titled "First Amended Complaint" and refer to the appropriate case number. If plaintiff does not file an amended complaint, I will recommend that this action be dismissed.

Accordingly, it is ORDERED that:

1. Plaintiff's application to proceed *in forma pauperis*, ECF No. 2, is granted.

2. Within thirty days from the service of this order, plaintiff must either advise the court that he wishes to proceed only with his First and Eighth Amendment claims or delay serving any defendant and file an amended complaint.

3. Failure to comply with this order may result in the dismissal of this action.

4. The clerk's office is directed to send plaintiff a complaint form.

---

[4] In some circumstances, the use of deliberately fabricated evidence "can give rise to a substantive due process claim." *Stevenson*, 2017 WL 2958731, at *8 (citing *Costanich v. Dep't. of Soc. & Health Servs.*, 627 F.3d 1101, 1111 (9th Cir. 2010) (holding that the deliberate fabrication of evidence for use in a civil proceeding gives rise to a substantive due process claim)); *see also Mora-Contreras v. Peters*, 851 F. App'x. 73, 73 (9th Cir. 2021) (holding that prison inmates "allege[d] facts that could support a fabrication of evidence claim"). However, in substantive due process cases, "[t]he Court has repeatedly 'spoken of the cognizable level of executive abuse of power as that which shocks the conscience.'" *Brittain v. Hansen*, 451 F.3d 982, 991 (9th Cir. 2006) (quoting *County of Sacramento v. Lewis*, 523 U.S. 833, 846 (1998)). In light of the identified shortcomings in plaintiff's complaint, *supra* note 2, his allegations do not plausibly allege that defendants engaged in behavior that shocks the conscience.

IT IS SO ORDERED.

Dated:   December 5, 2022

/s/ Jeremy Peterson
JEREMY D. PETERSON
UNITED STATES MAGISTRATE JUDGE