UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LINUS EKENE,<br><br>          Plaintiff,<br><br>     v.<br><br>R. COOK, *et al.*,<br><br>          Defendants. | Case No.  2:22-cv-01443-TLN-JDP (PC)<br><br>SCREENING ORDER FINDING THAT THE FIRST AMENDED COMPLAINT STATES COGNIZABLE FIRST AMENDMENT AND EIGHTH AMENDMENT CLAIMS AGAINST DEFENDANTS COOK, LAUGHLIN, AND AGREDANO<br><br>ECF No. 13 |

On December 21, 2022, I found service appropriate for defendants Cook, Laughlin, and Agredano based on the allegations in plaintiff's initial complaint. ECF No. 10. Specifically, I found that the complaint stated viable First Amendment retaliation and Eighth Amendment excessive force claims against these three defendants. ECF Nos. 8 & 10. After I directed service, plaintiff filed a first amended complaint, ECF No. 13, which also states viable First and Eighth Amendment claims against these same three defendants. Accordingly, I direct defendants to respond to the amended complaint.

**Screening and Pleading Requirements**

A federal court must screen a prisoner's complaint that seeks relief against a governmental entity, officer, or employee. *See* 28 U.S.C. § 1915A(a). The court must identify any cognizable

1

1  claims and dismiss any portion of the complaint that is frivolous or malicious, fails to state a
2  claim upon which relief may be granted, or seeks monetary relief from a defendant who is
3  immune from such relief.  *See* 28 U.S.C. §§ 1915A(b)(1), (2).
4       A complaint must contain a short and plain statement that plaintiff is entitled to relief,
5  Fed. R. Civ. P. 8(a)(2), and provide "enough facts to state a claim to relief that is plausible on its
6  face," *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007).  The plausibility standard does not
7  require detailed allegations, but legal conclusions do not suffice.  *See Ashcroft v. Iqbal*, 556 U.S.
8  662, 678 (2009).  If the allegations "do not permit the court to infer more than the mere
9  possibility of misconduct," the complaint states no claim.  *Id.* at 679.  The complaint need not
10 identify "a precise legal theory."  *Kobold v. Good Samaritan Reg'l Med. Ctr.*, 832 F.3d 1024,
11 1038 (9th Cir. 2016).  Instead, what plaintiff must state is a "claim"—a set of "allegations that
12 give rise to an enforceable right to relief."  *Nagrampa v. MailCoups, Inc.*, 469 F.3d 1257, 1264
13 n.2 (9th Cir. 2006) (en banc) (citations omitted).
14      The court must construe a pro se litigant's complaint liberally.  *See Haines v. Kerner*, 404
15 U.S. 519, 520 (1972) (per curiam).  The court may dismiss a pro se litigant's complaint "if it
16 appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which
17 would entitle him to relief."  *Hayes v. Idaho Corr. Ctr.*, 849 F.3d 1204, 1208 (9th Cir. 2017).
18 However, "'a liberal interpretation of a civil rights complaint may not supply essential elements
19 of the claim that were not initially pled.'"  *Bruns v. Nat'l Credit Union Admin.*, 122 F.3d 1251,
20 1257 (9th Cir. 1997) (*quoting Ivey v. Bd. of Regents*, 673 F.2d 266, 268 (9th Cir. 1982)).

**Analysis**

22      As in his initial complaint, plaintiff alleges that defendants retaliated against him for filing
23 prison grievances by poisoning his food and using excessive force against him.  ECF No. 13 at 7,
24 12.  These allegations are substantively the same as the ones I found cognizable in the previous
25 complaint and, thus, I direct defendants to respond to the first amended complaint within the time
26 provided for by the federal rules of civil procedure.
27      It is so ORDERED.
28

IT IS SO ORDERED.

Dated: ___March 3, 2023___                    _____
                                               JEREMY D. PETERSON
                                               UNITED STATES MAGISTRATE JUDGE